[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 18, 2002 the parties presented evidence on the plaintiff's motion to modify dated March 6, 2002 and the defendant's motion for contempt dated July 18, 2002. These motions arise out of a judgment for dissolution of marriage which was granted on November 24, 1982 in accordance with a separation agreement signed by the parties. That judgment provided that after July 1, 1986 the plaintiff was to pay to the defendant periodic alimony in the amount of $300 per week. On February 11, 1991 the court (Honorable Joseph Steinberg) denied a motion to modify filed by the plaintiff and reaffirmed the order of $300 per week.
Both motions are based upon the following facts:
At the time of the hearing on February 11, 1991 the plaintiff was employed at Payne Elevator. He had gross weekly wages of $1,444. He had other income of $54 per week. The plaintiff is not presently employed, having been terminated from his job in August of 2001. He received a severance package which continued his salary until December 10, 2001, provided him with a lump sum payment of $175,000 in January 2002, and paid off his car lease in the amount of $31,687. The plaintiff stopped paying his alimony on December 10, 2001 and has not resumed the payments. There is an arrearage of $8,500.
The plaintiff is vested in two pension plans, both of which could begin paying immediately if elected by the plaintiff. The plaintiff has not elected to begin payments, apparently because his monthly payments will be higher if he waits until he is 65 to begin payments. If he elected to begin payments now, he could begin receiving approximately $4,000 per month. The plaintiff is also eligible to begin receiving social security of approximately $1,500 per month. Finally, the plaintiff has approximately $450,000 in his 401k. The plaintiff is old enough to begin drawing on this asset. The plaintiff has non-retirement liquid assets of about $30,000. The plaintiff claimed to be actively looking for employment. Although the plaintiff had earnings of about $250,000 per year for the three years prior to his termination, he can not expect to obtain employment at this level. However, the plaintiff continues to have an earning capacity of at least $75,000, the amount he was earning in 1991.
At the time of the hearing on February 11, 1991 the defendant was not employed and had no income other than the alimony payments. She soon CT Page 9800 became employed at the Connecticut Department of Social Services where she continues to work. She has gross weekly wages of $786. The defendant is 61 years old, in good health, with a desire to continue working. She will be entitled to receive a state pension which will commence payments on December 1, 2005, the month following her sixty-fifth birthday. The defendant has IRA and 401k funds of roughly $82,000 which she is old enough to begin withdrawing. The defendant has other liquid assets of about $179,000 to which the defendant has immediate access.
Based upon these facts, the defendant's motion for contempt is granted. The court finds, by clear and convincing evidence, that the plaintiff is $8,500 in arrears in his alimony payments, that the defendant's failure to pay was wilful, and that the defendant had the financial ability to make these payments. The plaintiff is ordered to pay the full arrearage to the defendant on or before August 2, 2002 together with reasonable attorneys fees in the amount of $1,500.
There has been a substantial change of circumstances since 1991 when this case was last reviewed. The financial circumstances of both parties have improved significantly. The court notes that expenditures shown on the financial affidavits reveal that both parties have a comfortable standard of living. Having considered all of the statutory factors and the relevant case law, it is fair and equitable that the plaintiff continue to pay alimony in the amount of $300 per week but that this alimony terminate on December 1, 2005. The plaintiff's motion to modify is granted accordingly.
John W. Pickard, J.